UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WINSTON KENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 21-10711-ADB |
| v. | ) | |
| | ) | |
| JOHN DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITION
AND DEFENDANT'S CROSS-MOTION FOR A PROTECTIVE ORDER
[Docket Nos. 66, 69]

March 13, 2023

Boal, M.J.

Plaintiff Winston Kendall has filed a motion to compel the City of Boston to produce a Rule 30(b)(6) witness to testify within 14 days from the issuance of such an order. Docket No. 66. The City opposes the motion and has filed a cross-motion for a protective order. Docket No. 69.[1] For the following reasons, this Court grants in part and denies in part the parties' motions.

I.  RELEVANT BACKGROUND

In this action, Kendall alleges that the City and two unidentified Boston police officers violated his civil rights by engaging in unlawful conduct when he was stopped and detained while walking down the street. Judge Burroughs dismissed all counts against the City except for the Section 1983 claims based on violations of the Fourth and Fourteenth Amendments to the U.S. Constitution and failure to train and supervise. See Docket No. 32. The following claims

---

[1] Judge Burroughs referred the motions to the undersigned on January 24, 2023 and January 26, 2023. Docket Nos. 67, 70.

1

also remain against the two unidentified officers in their individual capacities: (1) Section 1983 based on equal protection, (2) violations of 42 U.S.C. § 1981, (3) MCRA, (4) false arrest, (5) false imprisonment, (6) assault, (7) intentional infliction of emotional distress, and (8) negligence.  Id. at 17.

The fact discovery deadline was January 27, 2023.  Docket No. 60.  On January 16, 2023, Kendall served a Rule 30(b)(6) notice of deposition on the City via first class mail.  Affidavit of W. Kendall in Support of Motion to Compel ("Kendall Aff.") at ¶ 2.  The notice sought the City to produce a witness on January 26, 2023.  Id.  City counsel received the notice on January 19, 2023.  See Docket No. 69 at 10.  That same day, counsel for the City contacted Kendall and provided objections to the Rule 30(b)(6) notice.  Id.  Attorney Bostwick stated that she was unavailable on January 26 and that the notice did not provide her with sufficient notice to identify and prepare a responsive witness.  Id.  The City's attorney also called Kendall the following day and sent a letter by facsimile and first class mail on January 20, 2023.  Id. at 2.

II.     ANALYSIS

   A.     Reasonableness Of Notice

Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1).  Courts have found as little as five days to be reasonable notice if the deposition notice does not require production of documents.  See, e.g., Guzman v. Bridgepoint Educ., Inc., No. 11-0069-WQH(WVG), 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014). However, determination of the reasonableness of notice for a deposition is case-specific and fact-intensive.  Neiufi v. Snow Garden Apartments, No. 2:12-cv-774 RJS-BCW, 2013 WL 1857152, at *1 (D. Utah May 2, 2013); see also In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327

(N.D. Ill. 2005) (citing 8A C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure: Civil § 2111 (1994)) ("Obviously no fixed rule can be laid down because much will depend on the other circumstances of the particular case.").

Here, Kendall provided ten days notice. However, he sent the notice via first class mail, so the City did not receive the notice until seven days before the deposition. While seven days may be sufficient for a Rule 30(b)(1) witness, it may not be for Rule 30(b)(6) deposition, where the City has to identify and prepare a witness to provide testimony on the topics listed in the notice. He also noticed the deposition for the day before the expiration of the discovery deadline, not allowing any room for error in the event, as it happened to be the case here, that the attorney for the City was not available on that date.

Rule 30(b)(6) also required Kendall to confer with the City regarding the topics of examination "[b]efore or promptly after the notice or subpoena is served." Fed. R. Civ. P. 30(b)(6). It does not appear that Kendall attempted to do so. Indeed, it does not appear that he responded to Attorney Bostwick's email and call seeking to confer about the deposition. Rather, he filed his motion to compel on January 24, 2023.[2]

Nevertheless, this Court will allow a brief extension of the discovery deadline to complete the deposition and resolve any outstanding discovery issues.[3] The discovery deadline is extended for an additional 60 days until May 12, 2023. The parties are advised that any further extensions of the discovery deadline are highly unlikely absent extraordinary circumstances.

---

[2] The motion does not have a certificate of compliance with Rule 7.1 or Rule 37.

[3] On this date, this Court issued an order on Kendall's motion to compel answers to interrogatories. Among other things, Kendall agreed to serve amended interrogatories.

B.  Topics Of Deposition

The City objects to Topics Nos. 6-9:[4]

6. All complaints, whether oral written or otherwise, for the five years prior to the incident, of violations of civilian rights with regard to the setting up and maintenance of police zone/no entry areas and roadblocks.
7. Defendant's response(s) to complaints of discrimination, harassment, unfair treatment, etc., including but not limited to, investigations and the findings or results of any and all investigations conducted into such complaints.
8. Any and all instruction, including but not limited to classroom training, seminars, etc. given by defendant to its supervisory officials, relative to the reporting and investigation of complaints of racial discrimination, racial harassment, retaliation and the like.
9. Any corrective and/or disciplinary action taken by the City against the persons involved in the plaintiff's detention and against persons who neglected to assist the plaintiff even though they were in a position to do so.

Topics 6-8 are vague and overly broad. For example, it is not clear what "unfair treatment" means. In addition, there is no temporal scope and, as written, Topic No. 6 could encompass complaints by a police officer against another police officer, employment discrimination complaints, etc., which have no relevance to this action. Topic 9, however, is appropriate. Accordingly, Kendall may not depose the City regarding Topics 6-8.

III.  ORDER

The City shall produce a Rule 30(b)(6) witness to testify on Topics 1-5 and 9 at a mutually agreeable date within 60 days. This Court declines to award attorney's fees and costs to either party.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[4] The City erroneously mentions Topic No. 5 in its memorandum. Docket No. 69 at 3. It is clear from the quoted language that the motion is directed at Topics 6-9.