UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WINSTON KENDALL,                * | |
|                         * | |
| Plaintiff,          * | |
|                         * | |
| v.               * | |
|                         * | Civil Action No. 21-cv-10711-ADB |
| CITY OF BOSTON, JOHN DOE, *in his*  * | |
| *individual and official capacities*, and  * | |
| RICHARD ROE, *in his individual and official*  * | |
| *capacities*,            * | |
|      Defendants.     * | |
|                         * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

       Plaintiff Winston Kendall ("Plaintiff") brings this case pursuant to 42 U.S.C. § 1983, 42

U.S.C. § 1981, Mass. Gen. Laws ch. 12, § 11I, and Massachusetts state common law, alleging

that the City of Boston ("City") and two City police officers, John Doe and Richard Roe

("Officer Defendants," and together with the City, "Defendants"), violated his civil rights by

engaging in unlawful conduct when he was stopped and detained while walking down the street.

[ECF No. 16 ("Amended Complaint" or "Am. Compl.")].  Currently pending before the Court is

Plaintiff's motion to amend, [ECF No. 82], in which he identifies the Officer Defendants as

officers MacLaughlan[1] and Joseph McDonough, and seeks to add them to the case in their

individual capacities, see generally [ECF Nos. 82–83].  For the reasons set forth below, the

motion is DENIED.

---

[1] Officer MacLaughlan's first name is not provided.

# I.      BACKGROUND

## A.      Procedural History

On June 8, 2021, Plaintiff filed the Amended Complaint, which asserted ten state and federal claims against the City and the then-unidentified Officer Defendants in their official and personal capacities.  See generally [Am. Compl.].  On February 28, 2022, the Court granted in part and denied in part the City's motion to dismiss all claims against the City and the Officer Defendants in their official capacities.  [ECF No. 32 at 17].  As relevant here, at the time of the motion to dismiss, the Officer Defendants were unidentified and had not been served, and thus they did not move to dismiss the claims against them in their individual capacities.  See [id. at 5, 17].  Accordingly, the Court ordered that:

> Plaintiff shall make diligent efforts to identify defendants Doe and Roe and, once their identities are ascertained, he must promptly amend the complaint and effect service, otherwise his claims against the Officer Defendants may be dismissed without prejudice.

[Id. at 6–7]; see also [id. at 17].

On March 19, 2023, Plaintiff filed the instant motion to amend to add MacLaughlan and McDonough in their individual capacities.  [ECF Nos. 82–83].  The City opposed on April 4, 2023.  [ECF No. 84].[2]

## B.      Factual Background

As noted above, on February 28, 2022, the Court ordered Plaintiff to "make diligent efforts to identify" the Officer Defendants, [ECF No. 32 at 6], and "upon ascertaining the

---

[2] Plaintiff separately filed a "motion for leave to file additional submissions or in the alternative," it seems, to strike Defendants' opposition, see generally [ECF Nos. 85–86], for purported failure to comply with Local Rule 7.1 by not providing a supporting "[a]ffidavit and other documents evidencing the purported facts on which it is based."  [ECF No. 85 at 1].  That motion is GRANTED insofar as the Court will consider the supplemental information provided by Plaintiff in support of the instant motion to amend, and DENIED insofar as it seeks to strike Defendant's opposition to the motion to amend, [ECF No. 84], which generally complies with Local Rule 7.1.

identity of the Officer Defendants," to "promptly amend the complaint and effect service," [id. at 17]. Approximately one month later, on March 30, 2022, the Court approved a jointly proposed scheduling order in which the parties agreed that, "[e]xcept for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after June 3, 2022." [ECF No. 36 at 2]; see also [ECF No. 37]. Plaintiff filed the instant motion to amend more than nine months after that deadline, on March 19, 2023. [ECF No. 82 at 1].

Plaintiff argues that it was not until October 2022, when he received supplemental initial disclosures, that "information relative to the individuals responsible for the detention . . . seemed to surface." [ECF No. 82 ¶ 4]. He avers, however, that "[a] substantial portion of the documents provided[] contained information which . . . had little to do with the detention and at best, left [him] confused." [Id.]. He then drafted interrogatories and requests for production and "expect[ed] that defendant[s] . . . would provide answers showing, without equivocation, the identities of the officers," [id. ¶ 6]; see also [ECF No. 85 ¶¶ 9–10], which they did not, [ECF No. 82 ¶ 7; ECF No. 85 ¶¶ 9–10].

The City, in turn, states that it provided (1) initial disclosures on May 2, 2022 that "listed each police officer that was involved in th[e relevant events], including the officers that the Plaintiff now seeks to name"; (2) police reports on October 27, 2022 that "identified Officers McDonough and MacLaughlan's interaction with Plaintiff on" the day of the events, and (3) photographs on December 15, 2022 "of all nineteen (19) officers (including the officers he now seeks to name and that were named in the report produced to him in October 2022) that were on the scene that day." [ECF No. 84 at 3].

As one example, Plaintiff received police reports in October, see [ECF No. 62-1 at 3, 10 (November 26, 2022 affidavit signed by Plaintiff indicating that the City had produced "two Boston Police Incident Reports for P180074476 and P180074682, Incident Report for CAD Incident P180074682 and the Offense/Incident Report #1820111555"); ECF No. 79 at 1 n.1 (Magistrate Judge finding that "Kendal maintains that he did not receive [the report at ECF No. 77] until October 2022")], at least one of which explicitly identifies McDonough and MacLaughlan as the officers involved in the relevant incident, without naming any other officers, [ECF No. 77 (CAD Incident Report No. P180074682)].

Plaintiff does not dispute the timeline of these disclosures or that they generally contained the information described by Defendants.[3]  He instead avers that "[i]t would have been imprudent, at best, for [him] to have guessed incorrectly as to identities, by relying on undifferentiated photographs of officers and Incident Reports," [ECF No. 85 ¶ 18], and that "Police Incident Reports are generally considered to be 'hearsay' and ordinarily inadmissible in the trial courts," and thus he "was/is wary of relying on documents, which a court would be unlikely to admit, in the normal course, except upon oath or affirmation," [id. ¶ 20].

On March 10, 2023, at a hearing before the Magistrate Judge, Plaintiff argued that he finally got "the confidence to draw conclusions as to the identifies of the officers," [ECF No. 82 ¶ 8], and ultimately he filed the instant motion nine days later.

## II.       LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give

---

[3] Plaintiff seemingly argues that these "purported factual assertions . . . are not supported by oath or affirmation" and are not "certified documents," and that, as a result, the Court should not consider them.  [ECF No. 85 ¶ 19].  Given that certain facts are not disputed and are included in an opposition signed by counsel, the Court finds it appropriate that they be considered.

leave [to amend] when justice so requires[.]" Fed. R. Civ. P. 15(a)(2).  Courts may nevertheless deny leave to amend for a variety of reasons, including if any such amendment is unduly delayed, unduly prejudicial, or would be futile.  U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) ("Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment.") (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Where a district court has issued a scheduling order under Federal Rule 16(b), however, and the amendment sought contravenes a deadline imposed by the court, "Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard." U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015) (first citing Cruz v. Bristol-Myers Squibb Co., P.R., Inc., 699 F.3d 563, 569 (1st Cir. 2012); and then citing Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008)).  "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155–56 (1st Cir. 2004) (citing Sosa with approval).

"Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." O'Connell, 357 F.3d at 155.  Under this inquiry, "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." Id.  Rather, "'[i]ndifference' by the moving party" may preclude leave to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id.  (citation omitted).  "Particularly disfavored are motions to amend whose timing prejudices the opposing

party by 'requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy . . . .'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)).  Moreover, "[a]s a case progresses, . . . the burden on a plaintiff seeking to amend a [pleading] becomes more exacting." Id.

"In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and 'exercise its informed discretion in constructing a balance of pertinent considerations.'" U.S. ex rel. Hagerty v. Cyberonics, Inc., 146 F. Supp. 3d 337, 342 (D. Mass. 2015) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30–31 (1st Cir. 2006)); see also Martins v. Vt. Mut. Ins. Co., No. 17-cv-12360, 2023 WL 2480998, at *3 (D. Mass. Mar. 13, 2023) (same), appeal docketed, No. 23-1332 (1st Cir. Apr. 18, 2023).

## III.    ANALYSIS

Under the scheduling order, [ECF No. 37], which was entered approximately a month after the Court's order on the motion to dismiss, the deadline for amendments to the pleadings was June 3, 2022, [ECF No. 36 at 2].  Thus, the Court reviews Plaintiff's request to amend under Rule 16(b)'s "good cause" standard, which is based on diligence and prejudice to the non-moving parties.

### A.    Plaintiff's Diligence

Plaintiff did not amend his complaint until more than a year after the Court ordered him to "make diligent efforts to identify defendants Doe and Roe and . . . promptly amend the complaint and effect service" to amend his complaint.  [ECF No. 32 at 6–7].  During that year, on at least three separate occasions, the last of which was more than three months before he moved to amend, see [ECF No. 84 at 3 (Plaintiff received photographs of nineteen officers,

6

including McDonough and MacLaughlan, in December 2022)], Plaintiff received information that should have allowed him to identify the officers and amend the complaint.

In particular, CAD Incident Report No. P180074682, which Plaintiff received in October 2022, [ECF No. 79 at 1 n.2], specifically identifies McDonough and MacLaughlan as the officers interacting with Plaintiff at the scene and does not name a single other officer.  See [ECF No. 77 at 4].  Given that the report named only McDonough and MacLaughlan, the Court does not agree that, as Plaintiff argues, he could "not [have been] confident as to the identifies of the detaining officers" after receiving police reports.  [ECF No. 82 ¶ 5].[4]  Even if the police reports were not enough for Plaintiff to feel confident about the identities of the officers, any uncertainty should have been removed when Plaintiff received nineteen photographs in December 2022, two of which were McDonough and MacLaughlan.  [ECF No. 84 at 3].

With the police reports and photographs in hand by December 2022, the Court finds that Plaintiff had sufficient information to identify McDonough and MacLaughlan, and that waiting more than three months to move to amend the complaint reflects a lack of diligence.

**B.     Prejudice**

Although Rule 16(b)'s "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent," Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (quoting Flores-Silva v. McClintock-Hernández, 710 F.3d 1, 3 (1st Cir. 2013), prejudice is still a factor to be considered, see O'Connell, 357 F.3d at 155.  As explained above, "[p]articularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with

---

[4] That the police reports might be hearsay, [ECF No. 85 ¶ 20], does not change the Court's analysis, as admissibility of the reports is not at issue here.  Rather, the question is whether the reports should have alerted Plaintiff as to the identities of the Officer Defendants.

additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy . . . .'" Steir, 383 F.3d at 12 (quoting Acosta-Mestre, 156 F.3d at 52).  Here, discovery was initially scheduled to close on October 7, 2022, [ECF No. 36], but continued until at least March of 2023.[5]  [ECF No. 76].  In any event, the addition of new parties to the case would undoubtedly further delay the end of discovery, which would prejudice the Defendants.[6] The prejudice to the officers that Plaintiff seeks to add is further substantially compounded by the fact that the incident occurred more than five years ago, [ECF No. 82 ¶ 2], and this action was brought more than two years ago, [ECF No. 1].  See Steir, 383 F.3d at 12 ("[a]s a case progresses, . . . the burden on a plaintiff seeking to amend a [pleading] becomes more exacting.").

In totality, the Court finds that Plaintiff was not diligent in amending his complaint and that amending now would unduly prejudice Defendants.  Thus, good cause does not exist to allow Plaintiff to amend his complaint.

## IV.    CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's motion to amend, [ECF No. 82], is DENIED.

**SO ORDERED.**

October 11, 2023                                              /s/ Allison D. Burroughs
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE

---

[5] In March 2023, the Magistrate Judge said she would set a new discovery schedule, [ECF No. 76], which does not appear to have happened.

[6] In addition to good cause, futility presents another potential bar to amendment.  See, e.g., O'Leary v. N.H. Boring, Inc., 323 F.R.D. 122, 126 (D. Mass. 2018).  Because the Court finds that good cause does not exist to amend the complaint, it does not address the parties' arguments regarding futility.  See [ECF No. 84 at 11–13; ECF No. 86 at 2–4].